JOHN PICKERSGILL, AS COMMITTEE, ETC., AND ANOTHER, RESPONDENTS, *v.* CASSIUS H. READ, IMPLEADED, ETC., APPELLANT.

*Committee of lunatic — power to release from lien of mortgage — rights of bona fide purchaser.*

The committee of the estate of a lunatic, who has invested a portion of the estate in a mortgage, may release a portion of the premises covered thereby without applying to the court for permission so to do.

Where such release has been recorded, the fact that it was given without consideration will not render it invalid as against a *bona fide* purchaser for value.

APPEAL by the defendant Read from a judgment in favor of the plaintiffs, entered upon the report of a referee, in an action brought to foreclose a mortgage given to secure the payment of $40,000, belonging to the estate of Charles F. Pickersgill, a lunatic, which had been loaned by John Pickersgill, as committee of said lunatic.

*G. W. Cotterill* and *W. O. Bartlett*, for the appellant.

*Robert Jackson* and *James Emott*, for the respondent.

*Albert Mathews*, for the Society of the New York Hospital.

BARNARD, P. J. :

John Pickersgill, on the 8th of December, 1859, was appointed by the Supreme Court a committee of the person and estate of his son, Charles F. Pickersgill, a lunatic.

Out of the personal estate of the lunatic he loaned, as committee, $40,000 to John A. Pickersgill, another son.

On the 22d February, 1864, John A. Pickersgill, by John Pickersgill, his attorney in fact, conveyed a portion of the premises to Samuel A. Nolan for a valuable consideration, and at the same time John Pickersgill, as committee, released the premises described in the deed to Nolan from the operation of the mortgage so held by him as committee. The appellant Read is now the owner of the premises, having acquired the same in good faith and for a valuable consideration. The deed and release were both recorded long before Read took his title.

The referee held this release to be void, because there was not proven to have been an order of the court authorizing the same. I think this decision erroneous. The statute authorizing the Supreme Court to take care of the real and personal estate of a lunatic, requires the committee to file an inventory of the real and personal estate. That when the personal estate is insufficient to pay debts of the lunatic, the committee shall apply by petition, under oath, for leave to sell or mortgage the real estate, stating the application which has been made of the personal estate to the payment of the debts of the lunatic. Upon this petition the court may order a lease, mortgage or sale, if it shall appear that the personal estate has been applied to the payment of the debts, and not otherwise.

This seems to give power to the committee to use up the personal estate in payment of debts without order from the court.

That the committee has the legal title to the lunatic's personal property, is to be sustained by decisions under the statute in all analogous cases. Testamentary guardians are held to have legal title to the personal property of their wards. The committee loaned the money without the order of the court ; he selected the security which he would take. He had the undoubted power to collect the money loaned. It would be a harsh principle to make a *bona fide* purchaser on the faith of the record suffer, because a

trustee released a portion of the mortgaged premises without payment.

The purchaser ought to be able to rely upon the presumption that the committee either received payment, or, for some good consideration, relinquished a portion of the security. The precise point has been decided in Massachusetts under the statute which is very similar to ours. (*Ellis* v. *Proprietors*, 2 Pick., 246.)

The judgment should be reversed and a new trial granted as to appellant, at Special Term, and order of reference vacated, costs to abide event.

Present — BARNARD, P. J., TAPPEN and TALCOTT, JJ.

Ordered accordingly.